IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| JAMES Y. HERRON,<br><br>      Plaintiff,<br><br>   vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>      Defendant. | Civ. No. 07-00623 HG-LEK |

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, (DOC. 31), AS MODIFIED, TO DENY PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

The Commissioner of the Social Security Administration denied Plaintiff James Y. Herron's request for social security disability insurance benefits.  Pursuant to 42 U.S.C. 405(g), Plaintiff sought judicial review of that decision.  Plaintiff now objects to the Magistrate Judge's Findings and Recommendation upholding the Commissioner's denial of benefits.

For the reasons below, the Magistrate Judge's Findings and Recommendation, as modified, is **ADOPTED**, and Plaintiff's objections are **DENIED**.

### PROCEDURAL HISTORY

On December 27, 2007, Plaintiff filed a Complaint For Judicial Review of a final decision of the Commissioner of the Social Security Administration.  (Doc. 1.)

1

On June 20, 2008, Plaintiff filed a Motion For Summary
Adjudication.  (Doc. 15.)

On February 19, 2009, the Magistrate Judge entered Findings
and Recommendation to Deny Plaintiff's Motion For Summary
Adjudication.  (Doc. 31.)

On March 5, 2009, Plaintiff filed Objections to the
Magistrate Judge's Findings and Recommendation.  (Doc. 32.)

On March 12, 2009, Defendant filed a Response.  (Doc. 34.)

## STANDARD OF REVIEW

A magistrate judge may be assigned to prepare findings and
recommendations for a district judge on a matter that is
dispositive of a claim.  Fed. R. Civ. P. 72(b)(1).  If a party
objects to the magistrate judge's findings or recommendation, the
district court must review *de novo* those portions to which
objection is made.  United States v. Raddatz, 447 U.S. 667, 673
(1980); Fed. R. Civ. P. 72(b)(2).  The district court may accept,
reject, or modify, in whole or in part, the findings and
recommendations made by the magistrate judge, or recommit the
matter to the magistrate judge with further instructions.
Raddatz, 447 U.S. at 673-74; Fed. R. Civ. P. 72(b)(3).

*De novo* review means the district court must consider the
matter anew, as if the matter had not been heard before and no
previous decision rendered.  Ness v. Commissioner, 954 F.2d 1495,
1497 (9th Cir. 1992).  The district court must arrive at its own

2

independent conclusion about those portions to which objections are made, but a *de novo* hearing is not required. <u>United States v. Remsing</u>, 874 F.2d 614, 617-18 (9th Cir. 1989).

The ALJ's decision to deny benefits will be disturbed only if the decision is not supported by substantial evidence or is based on legal error. <u>Flaten v. Secretary of Health & Human Services</u>, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. <u>Jamerson v. Chater</u>, 112 F.3d 1064, 1066 (9th Cir. 1997).

**ANALYSIS**

Plaintiff makes two primary objections to the Magistrate Judge's Findings and Recommendation To Deny Plaintiff's Motion For Summary Adjudication ("F & R"): (1) that the Magistrate Judge erred in finding that the Administrative Law Judge ("ALJ") properly assessed Plaintiff's residual functional capacity; and (2) that the Magistrate Judge erred in finding that Plaintiff could perform his past relevant work as a consult, as the job is generally performed in the national economy.

After reviewing Plaintiff's objections and Defendant's response, the Court finds that the ALJ properly assessed Plaintiff's residual functional capacity and made an appropriate finding regarding Plaintiff's past relevant work. The ALJ provided specific and legitimate reasons for his conclusions,

3

based on substantial evidence.  The Court therefore adopts the
Magistrate Judge's Finding & Recommendation, modifying only the
Magistrate Judge's discussion of Plaintiff's past relevant work
as a consultant.

## I.   The Administrative Law Judge properly assessed Plaintiff's residual functional capacity

A claimant's residual functional capacity is what he can
still do despite his limitations.  20 C.F.R. § 404.1545 (2000);
see also Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001).
The ALJ found that Plaintiff has the residual functional capacity
to "engage in the full range of sedentary exertion, that is
lifting/carrying up to 10 pounds, and engaging in work activity
that is primarily performed while seated (20 CFR § 404.1567)."
[Administrative Record ("AR") at 19.]

In reaching this conclusion, the ALJ reviewed, among other
things, Plaintiff's medical records dating back to 1985,
specifically citing the following records: (1) examinations from
the Department of Veterans Affairs over a twenty-year period,
particularly a January 12, 1998 Rating Decision; (2) the March
2005 opinion of a non-treating Disability Determination Services
("Agency") doctor; (3) the August 2005 findings of a podiatrist,
Dr. Teresa Damian; and (4) the February 2006 report of an
advanced registered nurse practitioner, Kevin Hitosis.  [AR at
16-17.]

The ALJ afforded "great weight" to the January 12, 1998

4

Rating Decision from the Department of Veterans Affairs but found that "the Rating Decision and the subsequent decisions do not support a determination of total disability on or before the date the claimant's insured status expired."  [AR at 17.]

The ALJ also afforded "great weight" to the opinion of a non-treating, non-examining Agency doctor, "who reviewed the record at the lower level and made a determination that the claimant would be capable of essentially sedentary exertion, consistent with the available medical evidence."  [AR at 17.] According to Agency policy, "[s]tate agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of medical issues in disability claims under the Social Security Act."  Social Security Ruling (SSR) 96-6p (1996).

In Magallanes v. Bowen, the Ninth Circuit Court of Appeals concluded that an ALJ can properly reject a treating physician's opinion based in part on the views of a non-treating, non-examining Agency physician, when the Agency physician's views are not "contradicted by *all other evidence* in the record."  881 F.2d 747, 752 (9th Cir. 1989) (emphasis in original).  In Magallanes, the Agency physician's testimony was consistent with other medical evidence, including the views of examining, but non-treating, physicians.  Id. at 752.  The court concluded that the reports of Agency "consultative physicians" may serve as

5

substantial evidence.  Id.  Here, the ALJ therefore properly afforded "great weight" to the Agency doctor.  [AR at 17.]

The ALJ reviewed the August 2005 findings of a podiatrist, Dr. Teresa Damian, concluding, "Dr. Damian did not note that the claimant had any difficulties sitting for prolonged periods of time.  Moreover, Dr. Damian offered no opinion that the claimant would be precluded from all work activity."  [AR at 17.]

In reviewing the February 2006 report of Kevin Hitosis, the ALJ afforded his opinion "limited weight," on the ground that Mr. Hitosis "did not begin to treat the claimant until June 2005 (substantially after the claimant's insured status expired)." [AR at 17.]  Mr. Hitosis has a master of science in nursing and is an advanced registered nurse practitioner, although the ALJ mistook him to be Plaintiff's doctor.  (F & R at 18 n.11.) Mr. Hitosis submitted a residual functional capacity questionnaire on February 15, 2006, finding that while Plaintiff could sit for more than two hours at one time, he could only stand for ten minutes at one time; stand and walk less than two hours in an eight-hour working day; and frequently carry less than ten pounds, occasionally carry between ten to twenty pounds, and rarely carry fifty pounds.  [AR at 290-291.]  Mr. Hitosis also found that Plaintiff requires unscheduled, ten-minute breaks every two hours. [AR at 291.]  Although Mr. Hitosis did not begin seeing Plaintiff until June 2005, he found that the "earliest

date that the description of symptoms and limitations" applied was 1983. [AR at 292.]

Under Agency regulations, nurse practitioners are not "acceptable medical sources" that can establish a claimant's impairment.  20 C.F.R. § 404.1513(d)(1).  A nurse practitioner's opinion may, however, demonstrate the severity of an impairment and how it affects the claimant's ability to work.  Id.  The Ninth Circuit Court of Appeals has held that under limited circumstances, a nurse practitioner's opinion can constitute an "acceptable medical source" to establish impairment.  Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996).  Those circumstances require that the nurse practitioner "work[] closely under the supervision" of a doctor such that the nurse was "acting as an agent" of the doctor.  Id.

The Administrative Record does not provide any evidence that Mr. Hitosis worked under these conditions.  In considering a motion for summary adjudication, a court must resolve all disputed issues of fact in favor of the non-moving party. MetroPCS, Inc. V. City & County of San Francisco, 400 F.3d 715, 720 (9th Cir. 2005).  As Mr. Hitosis is not an "acceptable medical source," the ALJ was only required to provide "germane" reasons for affording "limited weight" to Mr. Hitosis's opinion. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).  The ALJ's stated reason, that Mr. Hitosis "did not begin to treat the

7

claimant until June 2005 (substantially after the claimant's insured status expired)," [AR at 17], was supported by substantial evidence and was germane to Mr. Hitosis's opinion.

Here, the ALJ based his decision on substantial evidence in the record, including Plaintiff's medical records from the Department of Veterans Affairs and reports from Dr. Damian, Mr. Hitosis (albeit with "limited weight"), and the Agency's doctor.  The ALJ found that the January 12, 1998 Rating Decision did not support a determination of total disability; that Dr. Damian's report failed to note that Plaintiff had any difficulties sitting for prolonged periods of time; and that the Agency's doctor determined that Plaintiff was capable of sedentary exertion.  [AR at 17.]  These constitute specific and legitimate reasons for finding that Plaintiff has the residual functional capacity to "engage in the full range of sedentary exertion, that is lifting/carrying up to 10 pounds, and engaging in work activity that is primarily performed while seated (20 CFR § 404.1567)." [AR at 19.]  The ALJ therefore properly assessed Plaintiff's residual functional capacity.

## II.  The Administrative Law Judge properly found that Plaintiff could perform his past relevant work as a consult

After assessing Plaintiff's residual functional capacity, the ALJ found that Plaintiff "could return to his past relevant work as a consultant as previously performed and as generally performed in the national economy."  [AR at 18.]

8

The Court modifies the Magistrate Judge's Findings and Recommendation to the extent the Magistrate Judge concluded that Plaintiff could not return to his past consulting work, as actually performed.  In any event, the Magistrate Judge concluded that any error by the ALJ would be harmless because Plaintiff could return to consulting, as the job is generally performed in the national economy.  (Id. at 26.)

The claimant bears the burden of showing that he does not have the residual functional capacity to engage in "past relevant work."  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The claimant must prove "an inability to return to his former *type* of work and not just to his former job."  Villa v. Heckler, 797 F.2d 794, 798 (9th  Cir. 1986) (emphasis in original).

Although the burden of proof lies with the claimant, the ALJ has the duty to make factual findings to support his ultimate conclusion.  Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). The ALJ can meet this burden by comparing the physical and mental demands of the past relevant work with claimant's residual functional capacity.  Id. at 845.

Agency regulations define "past relevant work" as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it."  20 C.F.R. § 404.1560(b)(1).  If claimant has the residual functional capacity to perform past relevant work, then

9

the claimant is not disabled.  _Id._ at § 404.1560(b)(3).

The ALJ found, and the parties do not dispute, that Plaintiff's work as a consultant occurred within the past 15 years, constituted substantial gainful activity, and lasted long enough for Plaintiff to learn the job. [AR at 18.]  The ALJ also found that Plaintiff's "past relevant work as consultant did not require the performance of work-related activities precluded by his residual functional capacity." [AR at 19.]  Based on these findings, the ALJ concluded that Plaintiff "could return to his past relevant work as a consultant as previously performed and as generally performed in the national economy."  [AR at 18.]

In _Gregory v. Bowen_, the Ninth Circuit Court of Appeals found that claimant's "lengthy history" of back problems "had remained constant for a number of years" and "had not prevented her from working."  844 F.2d 664, 666-667 (9th Cir. 1988).  The court concluded that claimant was not disabled.  _Id._  Here, Plaintiff testified that he was last employed as a consultant, summarizing his job responsibilities as "[i]mparting knowledge" of a natural disaster and "walk[ing] the parameters of the disaster." [AR at 298.]  According to Plaintiff's resume, this work took place from 1999-2000.  [AR at 69.]  Plaintiff also testified that he has suffered from Burgess Disease and tarsal disease for "about 22 years," and he confirmed that for those 22 years, he has been able to stand for only approximately 15

10

minutes.  [AR at 301.]

Plaintiff's testimony demonstrates that his medical condition had not prevented him from working over the past 22 years, including the years he spent consulting.  The ALJ properly considered Plaintiff's testimony in determining whether Plaintiff could return to his past consulting work.

The ALJ also relied on the testimony of a vocational expert. In Magallanes v. Bowen, discussed above, the Ninth Circuit Court of Appeals held that the testimony of a vocational expert is valuable to the extent "that it is supported by medical evidence."  881 F.2d at 747 (quoting Sample v. Schweiker, 694 F.2d 639, 644 (9th Cir. 1982)).  The court further concluded that an ALJ need not present each of claimant's limitations to the vocational expert, provided the ALJ's decision is supported by substantial evidence.  Id. at 756-757 (internal citations omitted).  This is true even when there is conflicting medical evidence.  Id.

Here, after reviewing Plaintiff's file, the vocational expert testified that a hypothetical person with Plaintiff's limitations could perform the position of consultant, as that term is defined in the Dictionary of Occupational Titles ("Dictionary").  [AR at 311.]  The Dictionary classifies the "consultant" position as "sedentary" work, which "involves sitting most of the time, but may involve walking or standing for

11

brief periods of time.  Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met."  See Dictionary #189.167-010.

The vocational expert's testimony was based on substantial evidence in the record, including Plaintiff's testimony. [AR at 310.]  The ALJ therefore properly relied on the vocational expert's conclusion that Plaintiff could perform the sedentary work of a consultant.

Based on both Plaintiff's and the vocational expert's testimony, the ALJ found that Plaintiff could return to consulting, both as previously performed and as generally performed in the national economy.  This finding is consistent with Plaintiff's medical records and his residual functional capacity.  The ALJ therefore properly assessed Plaintiff's ability to perform his past relevant work, providing specific and legitimate reasons, based on substantial evidence.

                              **CONCLUSION**

For the reasons above,

(1)   The Magistrate Judge's Findings and Recommendation To
      Deny Plaintiff's Motion For Summary Adjudication, filed
      February 19, 2009, (Doc. 31), as modified, is ADOPTED;
      and

(2)   Plaintiff's Objections to the Magistrate Judge's
      Findings and Recommendation, filed March 5, 2009,

(Doc. 32), are DENIED.


IT IS SO ORDERED.

DATED: June 12, 2009, Honolulu, Hawaii.



        /S/ Helen Gillmor
_____
Helen Gillmor
Chief United States District Judge




HERRON V. ASTRUE, Commissioner of Social Security; Civil No. 07-00623 HG-LEK; **ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, (DOC. 31), AS MODIFIED, TO DENY PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION.**