IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES Y. HERRON, | ) | Civ. No. 07-00623 HG-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF'S APPLICATION FOR |
| | ) | ATTORNEYS' FEES UNDER THE |
| MICHAEL J. ASTRUE, | ) | EQUAL ACCESS TO JUSTICE |
| Commissioner of Social Security, | ) | ACT |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT

Before the Court is Plaintiff James Y. Herron's Application for Attorneys' Fees Under the Equal Access to Justice Act (Doc. 54). After careful consideration of the Application, and the supporting and opposing memoranda, the Court finds and recommends that Plaintiff's Application be DENIED.[1] As described in more detail below, the Court finds that the Commissioner's position in this case was "substantially justified" and therefore recommends that Plaintiff's request for attorneys' fees be denied.

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

BACKGROUND

In this action, Plaintiff sought judicial review of the Social Security Commissioner's decision that he was not entitled to social security disability insurance benefits. Plaintiff alleged that he was disabled since April 1, 2000, primarily due to Buerger's disease. Plaintiff, a veteran of the United States Air Force, had past relevant work as a disaster site consultant. His "date last insured" was December 31, 2003.

Plaintiff had filed an application for disability benefits on February 22, 2005. The Social Security Administration ("SSA") initially denied the application. After requesting a hearing, the Administrative Law Judge ("ALJ") issued his decision on May 23, 2006. In determining whether Plaintiff was disabled, the ALJ found that Plaintiff retained the residual functional capacity to return to his past relevant work as a disaster site consultant and that Plaintiff's testimony was not entirely credible. The ALJ therefore concluded that Plaintiff was not disabled.

On December 27, 2007, Plaintiff filed his Complaint in this Court, challenging the final decision of the Commissioner that he was not disabled. On February 19, 2009, then-Magistrate Judge Leslie E. Kobayashi issued Findings and Recommendations, recommending that substantial evidence in the record

2

supported the Commissioner's decision.  On June 12, 2009, Senior District Judge Helen Gillmor adopted that recommendation, and judgment was entered in favor of the Commissioner.

Plaintiff appealed to the Ninth Circuit, which reversed the district court's decision on December 22, 2010.  The Ninth Circuit concluded that substantial evidence did not support the ALJ's findings that (1) Plaintiff retained the residual functional capacity to return to his past relevant work as a disaster site consultant and (2) Plaintiff's testimony was not entirely credible.  The court also determined that the ALJ erroneously evaluated medical evidence in the record.  The Ninth Circuit remanded the case to this Court, with instructions to remand to the Commissioner.  On May 11, 2011, this Court issued an order remanding the case to the Commissioner.

Plaintiff now seeks attorneys' fees as the prevailing party.  The parties dispute, among other things, whether the ALJ's decision and the Commissioner's defense thereof was "substantially justified."

## DISCUSSION

Plaintiff seeks attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), which provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any

civil action . . . brought by or against the United States in any court having jurisdiction of that action, <u>unless the court finds that the position of the United States was substantially justified</u>." (Emphasis added.) The Ninth Circuit has held that fee-shifting under this statute is "not mandatory." <u>Hardisty v. Astrue</u>, 592 F.3d 1072, 1076 (9th Cir. 2010).

The Commissioner's position is "substantially justified" if it has a "reasonable basis in law and fact." <u>Id.</u> at 1079. According to the Supreme Court, "a position can be justified even though it is not correct, and we believe it can be substantially (<u>i.e.</u>, for the most part) justified if a reasonable person could think it correct." <u>Pierce v. Underwood</u>, 487 U.S. 552, 566 n.2 (1988). Stated differently, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." <u>Id.</u> at 565. The "substantially justified" standard is satisfied "if there is a 'genuine dispute.'" <u>Id.</u>

In this case, the Ninth Circuit disagreed with the ALJ, the magistrate judge, and the district judge, in holding that substantial evidence did not support some of the ALJ's findings and the ALJ erroneously evaluated medical evidence in the record. The Commissioner argues that the ALJ's decisions on these issues, as well as the Commissioner's defense of those issues on appeal, were "substantially justified" and that the Court should therefore deny fees under the EAJA.

I. ALJ's Finding Regarding Plaintiff's Residual Functional Capacity to Return to His Past Relevant Work

The ALJ concluded, based on the evidence in the record, that Plaintiff "could return to his past relevant work as a consultant as previously performed and as generally performed in the national economy." The Commissioner defended that finding on appeal.

SSA regulations define "past relevant work" as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). If the claimant has the residual functional capacity to perform past relevant work, then he is not "disabled." Id. § 404.1560(b)(3).

The evidence in the record included Plaintiff's testimony that he was last employed as a disaster site consultant, which involved walking around areas devastated by disaster. He also testified that he was able to stand for only fifteen minutes for the past 22 years due to his symptoms and pain. This testimony establishes that his inability to stand for long periods of time did not prevent him from working as a consultant and supports the ALJ's inference that Plaintiff could continue to perform that job because his inability to stand had not worsened.

Evidence in the record also included the testimony of a vocational expert, whose opinion is valuable to the extent it is supported by medical evidence.

Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989). The vocational expert testified that a person with Plaintiff's physical limitations could perform the job duties of a consultant, as that term is defined in the Dictionary of Occupational Titles.

In light of Plaintiff's own testimony and the testimony of the vocational expert, the ALJ concluded that Plaintiff could perform his past relevant work as a consultant. This conclusion, as well as the Commissioner's defense of it on appeal, was reasonable in both law and fact and was therefore "substantially justified." Hardisty, 592 F.3d at 1079.

II.     ALJ's Finding Regarding Plaintiff's Credibility

After considering the evidence in the record, including Plaintiff's allegations of disability and various medical opinions, the ALJ found that Plaintiff's testimony was not entirely credible in light of discrepancies between his allegations and medical information in the record. On appeal, the Commissioner argued that the ALJ's finding was correct.

According to SSA regulations, the ALJ "considers all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). The regulations state that, "[b]ecause symptoms, such as pain, are

subjective and difficult to quantify, any symptom-related functional limitations and restrictions which you . . . report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account." 20 C.F.R. § 404.1529(c)(3). The ALJ considers the following factors, among others, relevant to Plaintiff's symptoms: the "location, duration, frequency, and intensity of your pain and other symptoms" and the type of medication and treatment given to a claimant for his symptoms. 20 C.F.R. § 404.1529(c)(3)(ii, iv, v).

      The ALJ considered all the evidence in the record in rendering his decision. The medical evidence supported the ALJ's finding that Plaintiff could do sedentary work, such as consultant work. The ALJ noted in his decision that Plaintiff "alleged no limitations on his ability to sit" and that "Dr. Damian did not note that [Plaintiff] had any difficulties sitting for prolonged periods of time." The nurse practitioner similarly stated that Plaintiff was "capable of sitting for more than two hours at one time." Further, the agency medical consultant opined that Plaintiff was capable of sedentary exertion.

      Plaintiff's allegations of disability were contradictory to the foregoing evidence, which established that Plaintiff could perform sedentary work. Because the SSA regulations require the ALJ to take into account Plaintiff's allegations that

7

are "consistent with the objective medical evidence and other evidence," 20 C.F.R. § 404.1529(c)(3), and because Plaintiff's allegations were contradicted by evidence in the record, it was reasonable for the ALJ to find that Plaintiff's testimony was "not entirely credible in light of the discrepancies between [Plaintiff's] assertions[] and the . . . medical information contained in the record." For the same reasons, the Commissioner was reasonable in defending that finding. The Court therefore finds that the Commissioner's position with respect to Plaintiff's credibility was "substantially justified." Pierce, 487 U.S. at 566 n.2.

III. ALJ's Evaluation of Medical Evidence

A. Nurse Practitioner and Agency Physician Consultant

The ALJ was faced with conflicting medical opinions by a nurse practitioner and an unidentified agency physician consultant. The nurse practitioner opined that Plaintiff was unable to perform sedentary work. This opinion conflicted with the opinion of the agency physician consultant, who opined that Plaintiff could perform sedentary work. In weighing their credibility and resolving the conflict between those medical sources, the ALJ gave greater weight to the agency physician.

"When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict." Batson v. Comm'r of Social Sec.

8

Admin., 359 F.3d 1190, 1195 (9th Cir. 2004). The Ninth Circuit has stated that "[a]cceptable medical sources specifically include licensed physicians and licensed psychologists, but not nurse practitioners." Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996).

Nurse practitioners are not considered to be "acceptable medical sources" for purposes of establishing medical impairments. 20 C.F.R. § 404.1513(d)(1). Agency physician consultants, on the other hand, are "acceptable medical sources" and "are highly qualified physicians . . . who are experts in the evaluation of the medical issues in disability claims under the Act." 20 C.F.R. § 404.1513(a); Soc. Sec. Ruling 96-6p (July 2, 1996); Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989) ("we defer to Social Security Rulings"). They "consider the medical evidence in disability cases and make findings of fact on the medical issues." Id. Such findings "must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review." Id.

Further, the evaluation of an opinion from a nurse practitioner "depends on the particular facts in each case" and consideration of various factors, including "[h]ow long the source has known and how frequently the source has

seen the individual." Soc. Sec. Ruling 06-03p (Aug. 9, 2006). Here, the nurse practitioner had no contact with Plaintiff during his insured period.

The evidence in this case supported the agency physician's opinions. Indeed, Plaintiff worked a variety of jobs since 1983 that were at least sedentary. This evidence conflicts with the nurse practitioner's opinion that Plaintiff was unable to perform sedentary work since 1983, yet it supports the agency physician's opinion that Plaintiff could perform sedentary work. Based on the law and this evidence, the ALJ's decision to give greater weight to the agency consultant than to the nurse practitioner was entirely reasonable. That decision had a reasonable basis in law and fact, and it was reasonable for the Commissioner to defend that decision on appeal. Hardisty, 592 F.3d at 1079. Accordingly, the ALJ's decision and the Commissioner's position with respect to the opinions of the nurse practitioner and the agency physician consultant were "substantially justified." Id.

B.   Veteran's Affairs Disability Rating Determination

The ALJ gave the Veteran's Affairs ("VA") disability rating determination, which concluded that Plaintiff was 70% disabled as of January 1998, "great weight" but decided that it did "not support a determination of total disability on or before the date the claimant's insured status expired."

SSA regulations state that "a determination made by another agency that you are disabled . . . is not binding on us." 20 C.F.R. 404.1504. The reason is that other agency's determinations are based on the rules of that agency instead of SSA rules and regulations. "Because the VA and SSA criteria for determining disability are not identical, . . . the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002).

Here, the ALJ gave the VA disability rating determination "great weight" but decided that it did not support a determination of total disability on or before the date Plaintiff's insured status expired. The ALJ explained: "There is little, if any, medical documentation covering the period from . . . the date [Plaintiff's] alleged disability began[] through . . . the date his insurance status expired." The ALJ further explained that the "medical examinations conducted in relation to these decisions were performed outside the period of consideration."

Evidence in the record supported the ALJ's decision that the VA disability rating determination did not establish total disability under SSA rules. Indeed, Plaintiff was able to work for years after 1998, which is the year that the VA's rating that Plaintiff was 70% disabled became effective. Plaintiff's ability to perform years of substantial gainful activity while suffering from the same

11

symptoms supports the ALJ's decision that Plaintiff could perform his past work despite the VA rating. Further, because the record lacked sufficient medical documentation establishing that Plaintiff was disabled between the date his disability began and the date his insured status expired, it was reasonable for the ALJ to decide that the VA rating determination did not support a finding of total disability. Considering that "some evidence" supported the ALJ's decision, the Commissioner was "substantially justified" in defending that decision on appeal. Albrecht v. Heckler, 765 F.2d 914, 916 (9th Cir. 1985) ("the existence of some evidence supporting the Secretary precluded a finding that the Secretary's position was substantially unjustified").

IV.	Plaintiff's Request for Fees is Denied

"[A]ttorney's fees shall be awarded [under the EAJA] 'unless the court finds that the position of the United States was substantially justified.'" Pierce, 487 U.S. at 559 (emphasis omitted). As discussed above, the Court finds that the ALJ's decision, as well as the Commissioner's defense of that decision on appeal, was substantially justified.² Id. at 556 n.2 ("[A] position can be justified

---

² Furthermore, the Court notes that the ALJ's decision was initially affirmed by the magistrate judge and district court judge. Although "the fact that one other court agreed . . . with the Government does not establish whether its position was substantially justified, . . . a string of losses can be indicative; and even more so a string of successes." Pierce, 487 U.S. at 569. Thus, the "string of successes" in this Court further supports the finding that the Commissioner's position was substantially justified in this case.

12

even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct."). Accordingly, the Court finds and recommends that Plaintiff's request for attorneys' fees be denied.

CONCLUSION

For the foregoing reasons, the Court finds and recommends that Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act be DENIED.

Any objections to these Findings and Recommendations shall be filed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

DATED: Honolulu, Hawaii, February 29, 2012.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: February 29, 2012

Herron v. Astrue, Civ. No. 07-00623 HG-BMK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT.