IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES Y. HERRON, | ) ) ) | Civ. No. 07-00623 HG-BMK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER DENYING PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND
RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE REGARDING PLAINTIFF'S
APPLICATION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE
ACT (DOC. 66)
AND
ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO
DENY PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER THE EQUAL
ACCESS TO JUSTICE ACT (DOC. 65)**

Plaintiff James Y. Herron filed an application for

disability insurance benefits with the Social Security

Administration.  An Administrative Law Judge conducted a hearing

on the application and concluded that the Plaintiff was not

disabled.  The Plaintiff appealed the decision to this Court.

After carefully considering the evidence, the Court affirmed the

Administrative Law Judge's decision and entered judgment for the

Commissioner of Social Security.

1

On appeal, the Ninth Circuit Court of Appeals reversed. The Ninth Circuit Court of Appeals held that the Administrative Law Judge's decision was not supported by substantial evidence. The matter was remanded to the Commissioner to reevaluate the Plaintiff's disability determination.

The Plaintiff filed an application for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The Magistrate Judge, upon careful review of the administrative record and the parties' filings, concluded that the Plaintiff was not entitled to attorneys' fees and recommended the Plaintiff's application be denied. The Plaintiff objects to the Magistrate Judge's Findings and Recommendation.

PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT" (Doc. 66), filed March 21, 2012, are **DENIED**.

The Magistrate Judge's FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (Doc. 65), filed February 29, 2012, are **ADOPTED**.

## PROCEDURAL HISTORY

On February 22, 2005, Plaintiff James Y. Herron filed an application for Social Security Disability Insurance Benefits. (Administrative Record ("AR") at 52-56.)

On March 7, 2005, Plaintiff's application was denied by the Social Security Commissioner. (AR at 22-26.)

On October 26, 2007, the Appeals Council for the Social Security Administration denied further review of Plaintiff's application and rendered a final administrative decision by the Commissioner of Social Security. (AR at 4-6.)

On December 27, 2007, Plaintiff sought judicial review of the Commissioner of Social Security's final decision to deny Plaintiff Social Security Disability Benefits in this Court pursuant to 42 U.S.C. § 405(g). (Complaint, filed October 26, 2007 (Doc. 1).)

On June 20, 2008, Plaintiff filed a Motion For Summary Adjudication (Doc. 15.)

On February 19, 2009, the Magistrate Judge filed "FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION" (Doc. 31).

On June 12, 2009, the Court filed an "ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, (DOC. 31), AS MODIFIED, TO DENY PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION" (Doc. 35).

On August 24, 2009, Plaintiff filed "NOTICE OF APPEAL" to the Ninth Circuit Court of Appeals. (Doc. 37.)

On December 22, 2010, the Ninth Circuit Court of Appeals filed an order reversing this Court's Order. The Ninth Circuit

Court of Appeals remanded the case to this Court with
instructions to:

> [R]emand to the Commissioner for a determination of
> whether, in light of the above conclusions, Herron has
> the residual functional capacity to perform his past
> relevant work as actually performed and/or generally
> performed in the national economy, and if not, whether
> he can perform other substantial gainful work in the
> national economy.

On April 12, 2011, the Ninth Circuit Court of Appeals filed
a formal mandate. (Doc. 51.)

On May 11, 2011, the matter was remanded to the Commissioner
of Social Security (Doc. 53.)

On July 8, 2011, the Plaintiff filed "PLAINTIFF'S
APPLICATION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE
ACT" (Doc. 54).

For several months, the Plaintiff's Application for
Attorneys' Fees was delayed while the Court waited for the
administrative record.

On February 29, 2012, the Magistrate Judge filed "FINDINGS
AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION FOR ATTORNEYS'
FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT" (Doc. 65).

On March 21, 2012, the Court adopted the Magistrate Judge's
Findings and Recommendation, having not received any objections
from the parties. (Order Adopting Magistrate Judge's Findings
and Recommendation (Doc. 67).) During the time in which the
Court's Order had been submitted to the Clerk's Office for

filing, but before the Order had been entered on the CM/ECF
docket, the Plaintiff filed "PLAINTIFF'S OBJECTIONS  TO THE
FINDINGS AND RECOMMENDATIONS OF THE U.S. MAGISTRATE JUDGE
REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER THE
EQUAL ACCESS TO JUSTICE ACT" (Doc. 66).  The Plaintiff's
Objections were seven days late.  <u>See</u> Local Rule 74.2.

On March 27, 2012, the Plaintiff filed, "PLAINTIFF'S MOTION
TO VACATE ORDER ADOPTING THE U.S. MAGISTRATE JUDGE'S
RECOMMENDATION TO DENY EAJA PETITION PURSUANT TO LOCAL RULE 60(b)
OR MOTION TO RECONSIDER PURSUANT TO FED. R. CIV. P. 59(e) AND
CONSIDER OBJECTIONS FILED ON MARCH 21, 2012" (Doc. 68).

On April 9, 2012, the Commissioner filed "DEFENDANT'S
OPPOSITION TO PLAINTIFF'S MOTION TO VACATE ORDER ADOPTING THE
U.S. MAGISTRATE JUDGE'S RECOMMENDATION TO DENY EAJA PETITION
PURSUANT TO LOCAL RULE 60(b) OR MOTION TO RECONSIDER PURSUANT TO
FED. R. CIV. P. 59(e) AND CONSIDER OBJECTIONS FILED ON MARCH 21,
2012" (Doc. 70).

On April 18, 2012, the Court granted "PLAINTIFF'S MOTION TO
VACATE ORDER ADOPTING THE U.S. MAGISTRATE JUDGE'S RECOMMENDATION
TO DENY EAJA PETITION PURSUANT TO LOCAL RULE 60(b) OR MOTION TO
RECONSIDER PURSUANT TO FED. R. CIV. P. 59(e) AND CONSIDER
OBJECTIONS FILED ON MARCH 21, 2012" and ordered the Commissioner
to file a Response to "PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND
RECOMMENDATIONS OF THE U.S. MAGISTRATE JUDGE REGARDING

PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER THE EQUAL
ACCESS TO JUSTICE ACT" by May 2, 2012. (Minute Order at 3, April
18, 2012 (Doc. 71).) The Plaintiff was given leave to file a
Reply by May 9, 2012. (Id.)

On May 2, 2012, the Commissioner filed "DEFENDANT'S RESPONSE
TO PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATIONS OF
THE U.S. MAGISTRATE JUDGE REGARDING PLAINTIFF'S APPLICATION FOR
ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT" (Doc. 72).

On May 16, 2012, seven days after the date the Plaintiff's
Reply was due, the Plaintiff filed "PLAINTIFF'S MOTION FOR LEAVE
TO FILE INSTANTE PLAINTIFF'S REPLY IN SUPPORT OF HIS OBJECTIONS
TO THE U.S. MAGISTRATE JUDGE'S RECOMMENDATION TO DENY EAJA
PETITION PURSUANT TO LOCAL RULE 6.2" (Doc. 73). Attached to the
Plaintiff's Motion was a proposed Reply.

On May 23, 2012, the Court granted the "PLAINTIFF'S MOTION
FOR LEAVE TO FILE INSTANTE PLAINTIFF'S REPLY IN SUPPORT OF HIS
OBJECTIONS TO THE U.S. MAGISTRATE JUDGE'S RECOMMENDATION TO DENY
EAJA PETITION PURSUANT TO LOCAL RULE 6.2" (Doc. 73) and agreed to
consider the Plaintiff's Reply.

Pursuant to Local Rule 7.2(d), the Court elected to
decide the Plaintiff's objections without a hearing.

## BACKGROUND

On February 22, 2005, Plaintiff James Y. Herron filed an

application for disability insurance benefits with the Social
Security Administration ("SSA"). (Administrative Record ("AR")
at 52-56.) The Plaintiff, a veteran of the United States Air
Force, suffers from Buerger's disease, pes planus, tarsal tunnel
syndrome, and bilateral tinnitus. (AR at 18.) The Plaintiff
alleged that he became disabled on April 1, 2000, shortly after
he was last employed as a disaster site consultant. (AR at 52.)
Pursuant to Social Security regulations, the Plaintiff's
eligibility for disability insurance benefits expired on December
31, 2003. (AR at 15). To be eligible for disability benefits,
therefore, the Plaintiff had to establish disability on or prior
to December 31, 2003. (AR at 15.)

On March 7, 2005, the SSA denied the Plaintiff's application
for disability benefits. (AR at 20-21.) The Plaintiff appealed
to an Administrative Law Judge ("ALJ") and requested a hearing.
(AR at 29-32.) A hearing was held on April 11, 2006 in which the
ALJ received testimony from the Plaintiff and a vocational
expert. (AR at 294.) On May 23, 2006, the ALJ issued a written
decision denying disability insurance benefits for the Plaintiff.
(AR 14-19.) The ALJ determined that the Plaintiff was not
disabled because the Plaintiff retained the residual functional
capacity to return to his previous employment as a disaster site
consultant. (AR 17-19.) The ALJ also concluded that the
Plaintiff's testimony was not entirely credible. (AR at 17.)

The Plaintiff appealed the ALJ's decision to the Appeals
Council for the Social Security Administration ("SSA Appeals
Council"). On October 26, 2007, the SSA Appeals Council denied
further review of Plaintiff's application and rendered a final
administrative decision by the Commissioner of Social Security
("Commissioner"). (AR at 4-6.)

On December 27, 2007, the Plaintiff filed a Complaint in
this Court challenging the Commissioner's determination to deny
disability benefits to the Plaintiff. After reviewing the ALJ's
decision and the administrative record, the then-Magistrate Judge
Leslie E. Kobayashi issued a Findings and Recommendation on
February 19, 2009. Judge Kobayashi's Findings and Recommendation
concluded that substantial evidence in the record supported the
ALJ's determination and recommended affirming the ALJ's decision.
On June 12, 2009, after considering objections by the Plaintiff,
the Court adopted as modified the Magistrate Judge's Findings and
Recommendation and entered judgment in favor of the Commissioner.

The Plaintiff appealed to the Ninth Circuit Court of
Appeals. On December 22, 2010, a Ninth Circuit Panel reversed
the Court's judgment. The Ninth Circuit Panel concluded that:
(1) substantial evidence did not support the ALJ's findings that
the Plaintiff retained the residual functional capacity to return
to his part occupation as a disaster site consultant; (2)
substantial evidence did not support the ALJ's findings that the

8

Plaintiff's testimony was not entirely credible; and (3) the ALJ erroneously evaluated the medical evidence in the record.  See Herron v. Astrue, 407 Fed. Appx. 139, 140-41 (9th Cir. 2010). The case was remanded to this Court with instructions to remand the matter to the Commissioner.  Id. at 141.

On July 8, 2011, the Plaintiff filed an application for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  Magistrate Judge Barry M. Kurren, upon careful review of the administrative record and the parties' filings, concluded that the Plaintiff was not entitled to attorneys' fees and recommended the Plaintiff's application be denied.  The Plaintiff objects to the Magistrate Judge's Findings and Recommendation.

### STANDARD OF REVIEW

Title 28 U.S.C. § 636(b)(1)(B) permits a district court judge to designate a magistrate judge to determine matters pending before the court and to submit to the district court judge a findings and recommendation.  Pursuant to Local Rule 74.2, any party may object to a magistrate judge's findings and recommendation.  The district court judge shall make a *de novo* determination of those portions of the findings and recommendation to which a party properly objects and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  Id.  The Ninth

Circuit Court of Appeals, in <u>Dawson v. Marshall</u>, held that *de novo* review means the district court judge does not defer to the magistrate judge's ruling but freely considers the matter anew, as if no decision had been rendered below.  561 F.3d 930, 933 (9th Cir. 2009) (internal citation omitted).

**ANALYSIS**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) states that:

> "[A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

The EAJA is an exception to the American rule.  It authorizes fee-shifting to a prevailing party under specific circumstances. <u>Hardisty v. Astrue</u>, 592 F.3d 1072, 1076 (9th Cir. 2010).  Unlike the English rule, however, fee-shifting pursuant to the EAJA is not mandatory.  <u>Id.</u>  Attorney's fees are not available to the prevailing party if the position asserted by the United States was "substantially justified."  <u>Flores v. Shalala</u>, 49 F.3d 562, 567 (9th Cir. 1995) (quoting 28 U.S.C. § 2412(d)(1)).  The burden rests with the government to establish that its position was substantially justified.  <u>Hardisty</u>, 592 F.3d at 1076 n.2 (citing

10

<u>Flores</u>, 49 F.3d at 569).

In the context of a Social Security disability determination, the Ninth Circuit Court of Appeals has held that "district courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified." <u>Hardisty</u>, 592 F.3d at 1078 (citing <u>Flores</u>, 49 F.3d at 569). Substantial justification for the purposes of the EAJA "does not mean 'justified to a high degree,' but simply entails that the government must show that its position meets the traditional reasonableness standard – that it is 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person." <u>Corbin v. Apfel</u>, 149 F.3d 1051 (9th Cir. 1998) (quoting <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988)). The Commissioner's position is "substantially justified" when the position has a "reasonable basis in law and fact." <u>Pierce</u>, 487 U.S. at 566 n.2; <u>Hardisty</u>, 592 F.3d at 1079. A position can be substantially justified pursuant to the EAJA even when the position is ultimately incorrect. <u>Pierce</u>, 487 U.S. at 566 n.2. The test for determining whether a position was substantially justified, therefore, focuses on whether "a reasonable person could think it correct." <u>Id.</u> If "there is a genuine dispute" between reasonable minds then the position is "substantially

justified" pursuant to the EAJA.  Id. at 565.

In this case, the Plaintiff prevailed on three issues before the Ninth Circuit Court of Appeals.  The Ninth Circuit Panel concluded that: (1) substantial evidence did not support the ALJ's findings that the Plaintiff retained the residual functional capacity to return to his past occupation; (2) substantial evidence did not support the ALJ's findings that the Plaintiff's testimony was not entirely credible; (3) the ALJ erroneously evaluated the medical evidence in the record.  See Herron, 407 Fed. Appx. at 140-41.  The Plaintiff claims that the Commissioner's position with regard to these three issues was not substantially justified and that, pursuant to the EAJA, the Plaintiff is entitled to attorneys' fees.

**(A) Prior Judicial Determinations Are Relevant But Not Dispositive**

The Court may consider the Commissioner's prior successes in determining whether the Commissioner's positions were substantially justified.  Pierce, 487 U.S. at 569 ("[A] string of losses can be indicative; and even more so a string of successes.").  The United States Supreme Court and the Ninth Circuit Court of Appeals warn, however, that "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." Pierce, 487 U.S. at 569; Lewis v. Barnhart, 281 F.3d 1081, 1084 (9th Cir. 2002).

The Plaintiff objects to the Findings and Recommendation because the Magistrate Judge noted, in support of its conclusion that the Commissioner was substantially justified, that the ALJ, Magistrate Judge, and District Court Judge all believed there was substantial evidence to support the ALJ's decision. While this fact is not dispositive, it does lend weight to the conclusion that the Commissioner's support of the ALJ's decision was substantially justified. See also Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988) ("Perhaps the most important of these extraneous circumstances will be the existence of precedents construing similar statutes or similar facts."). More important than any prior judicial determination, however, are the merits of the ALJ's decision and whether the decision had a reasonable basis in law and fact. See Pierce, 487 U.S. at 566 n.2; Hardisty, 592 F.3d at 1079.

**(B) ALJ's Finding that Plaintiff Retained the Residual Functional Capacity to Return to His Prior Occupation Was Substantially Justified**

Agency regulations define "past relevant work" as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). The ALJ found that Plaintiff's work as a disaster site consultant occurred within the past fifteen years, constituted substantial gainful activity, and lasted long enough for Plaintiff to learn the job. (AR at

18.) The ALJ also found that Plaintiff's "past relevant work as consultant did not require the performance of work-related activities precluded by his residual functional capacity." (AR at 19.) Based on these findings, the ALJ concluded that Plaintiff "could return to his past relevant work as a consultant as previously performed and as generally performed in the national economy." (AR at 18.)

When the matter came before the Ninth Circuit Court of Appeals, the three-judge panel held that substantial evidence did not support the ALJ's finding "because the ALJ erroneously failed to take into account the actual physical demands of Herron's past work and compare such demands with Herron's present physical capacity." <u>Herron</u>, 407 Fed. Appx. at 141. The panel reasoned that the ALJ's determination of the physical demands required of a disaster site consultant and its comparison to the actual physical limits of the Plaintiff were insufficient. <u>Id.</u> The panel believed that the ALJ relied too heavily on an overgeneralized definition of "consultant" which, considering the particulars of the Plaintiff's past employment, were not appropriate. <u>Id.</u>

Although the ALJ's residual functional capacity finding was in error, the Commissioner argues that its position in support of the ALJ's finding was substantially justified, *i.e.*, had a "reasonable basis in law and fact[.]" <u>Pierce</u>, 487 U.S. at 566

14

n.2; <u>Hardisty</u>, 592 F.3d at 1079.

In <u>Gregory v. Bowen</u>, the Ninth Circuit Court of Appeals found that a claimant had the residual functional capacity to return her previous work because the claimant's condition "had remained constant for a number of years and that" her condition "had not prevented her from working over that time." 844 F.2d 664, 666-67 (9th Cir. 1988). In <u>Gregory</u>, the Ninth Circuit Court of Appeals recognized that evidence of a claimant's ability to cope with a disease for a substantial period while still remaining employed is evidence that the claimant has the residual functional capacity to work in that occupation. <u>Id.</u>

In this case, the ALJ employed similar reasoning in concluding that the Plaintiff had the residual functional capacity to work as a consultant. The Plaintiff testified that he had gainfully worked as a disaster site consultant for several years even though during that time he had been suffering from Buerger's disease and was incapable of standing for longer than fifteen minutes. (AR at 298, 301.) In line with the reasoning in <u>Gregory</u>, the ALJ concluded that because of the Plaintiff's ability to cope with his disease and still work, the Plaintiff had the residual functional capacity to work as a disaster site consultant.

While the ALJ's determination was in error for the reasons expressed in the Ninth Circuit Court of Appeal's remand order, it

15

nonetheless had a reasonable basis in law and fact. Prior case law and the Plaintiff's own testimony supported the ALJ's determination that the Plaintiff had the residual functional capacity to work as a disaster site consultant. The Commissioner's support for the ALJ's determination was, therefore, substantially justified. Pursuant to the EAJA, the Plaintiff is not entitled to attorneys' fees on this issue.

**(C) ALJ's Credibility Determination of the Plaintiff Was Substantially Justified**

The ALJ concluded that the Plaintiff's hearing testimony was "not entirely credible in light of the discrepancies between the claimant's assertions, and the limited medical information contained in the record." (AR at 17.) The Ninth Circuit Court of Appeals did not believe this finding was supported with substantial evidence. <u>Herron</u>, 407 Fed. Appx. at 141. The Ninth Circuit Panel reasoned that "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." <u>Id.</u> (quoting <u>Burch v. Barnhart</u>, 400 F.3d 676, 680 (9th Cir. 2005)). Although it is unclear whether the ALJ "rejected" the Plaintiff's hearing testimony as is suggested by the quote, it is clear that the Ninth Circuit Panel was unsatisfied with the ALJ's credibility determination. The ALJ failed to sufficiently articulate his credibility determination of the Plaintiff's testimony. <u>See</u> <u>e.g.</u>, <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958 (9th Cir. 2002) ("If

16

the ALJ finds that claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.").

The failure of an ALJ to sufficiently articulate a credibility determination, however, does not mean the Commissioner's position was unjustified. See Stein v. Sullivan, 966 F.2d 317, 320 (7th Cir. 1992) ("That the ALJ failed to meet this articulation requirement in no way necessitates a finding the Secretary's position was not substantially justified."); see also Carter v. Astrue, 09-CV-0667, 2011 U.S. Dist. LEXIS 23387, at *5 (N.D. Ohio Feb. 23, 2011) ("Generally, remands stemming from articulation errors do not result in a EAJA fee award[.]"). For example, in Hardsity v. Astrue, the district court remanded the case to the Commissioner because of a faulty credibility determination by the ALJ, yet denied EAJA fees because the Commissioner's position was substantially justified. 592 F.3d 1072, 1079-80. On appeal, the Ninth Circuit Court of Appeals affirmed and held that "[t]he government's adverse credibility finding was substantially justified because all of the inferences upon which it rested had substance in the record." Id. at 1080.

In this case, although the ALJ's insufficiently articulated why he believed Plaintiff's testimony was "not entirely

credible," the determination had a basis in law and fact.  During the hearing before the ALJ, the Plaintiff provided contradictory testimony.  At one point the Plaintiff stated that his prior consultant job required him to "go out into the field and walk . . . the parameter of disasters." (AR at 298.)  Then later, the Plaintiff stated that he had been unable to stand for longer than fifteen minutes over the last twenty-two years.  (AR at 301.)  When a claimant testifies to being capable of performing certain actions and those actions are inconsistent with his alleged disability, the ALJ may consider that discrepancy in evaluating credibility.  See Burch v. Barnhart, 400 F.3d at 681.  Moreover, the ALJ noted that there was a lack of medical evidence in the record corroborating the Plaintiff's purported inability to stand for more than fifteen minutes during the time in which he claimed to be disabled.

The law allows the ALJ to consider inconsistencies in a claimants testimony while determining credibility and the record supports the ALJ's belief that the Plaintiff was "not entirely credible."  "[A]ll of the inferences upon which [the credibility determination] rested had substance in the record." Hardisty, 592 F.3d at 1080.  Accordingly, the ALJ's credibility determination and the Commissioner's support thereof was "substantially justified" pursuant to the EAJA.  The Plaintiff is not entitled to attorneys' fees for the ALJ's credibility

determination.

**(D) Commissioner's Support of the ALJ's Evaluation of the Medical Evidence Was Substantially Justified**

In the Ninth Circuit Court of Appeal's remand order, the court stated that "the ALJ erroneously evaluated the medical evidence in the record, including a residual functional capacity evaluation prepared by Herron's nurse practitioner, the opinion of the State agency medical consultant, and a VA disability ratings determination." <u>Herron</u>, 407 Fed. Appx. at 141. The Commissioner argues that despite the ALJ's errors in evaluating the medical evidence, the decisions made by the ALJ had a basis in law and fact and were, therefore, substantially justified.

**(1) The ALJ's Decision to Give Limited Weight to the Nurse Practitioner's Opinion and Greater Weight to the State Agency Physician's Opinion Was Substantially Justified**

In reviewing the Plaintiff's disability claim, the ALJ was presented with conflicting medical opinions regarding the residual functional capacity of the Plaintiff. One opinion, expressed by the Plaintiff's Advanced Registered Nurse Practitioner ("ARNP") Kevin Hitosis, stated that the Plaintiff was restricted in his ability to walk and stand for prolonged periods of time and that he was incapable of sitting for more than two hours at any one time. (AR at 290-92.) The other opinion, put forward by the State Agency's Physician Consultant,

Neurologist Ramel Carlos[1], stated that the Plaintiff was restricted in his ability to walk but that he was able to sit for about six hours with normal breaks during an eight-hour workday. (AR at 110.)

"When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 1004). In resolving the conflicting medical opinions, the ALJ chose to give "limited weight" to ARNP Hitosis's opinion and greater weight to Dr. Carlos's opinion. (AR 17-18.) Specifically, with regard to ARNP Hitosis, the ALJ stated that "Hitosis did not begin to treat the claimant until June 2005 (substantially after the claimant's injured status expired). Thus, limited weight is afforded the opinion[.]" (AR at 17.) With regard to Dr. Carlos, the ALJ stated:

> Accordingly, the undersigned finds the claimant retains the residual functional capacity to engage in the full range of sedentary exertion, that is lifting/carrying up to 10 pounds, and engaging in work activity that is primarily performed while seated (20 C.F.R. § 404.1567). In reaching this conclusion, great weight is afforded the opinion of the Agency medical consultant, who reviewed the record at the lower level and made a determination that the claimant would be capable of essentially sedentary exertion, consistent with the available medical evidence.

---

[1]In Dr. Carlos's Physical Residual Functional Capacity Assessment it does not clearly state his name. (AR at 109-116.) His name, however, is stated in the initial denial of disability benefits form filed and sent to the Plaintiff on February 22, 2005. (AR at 20.)

(AR at 17-18.)

On appeal, the Ninth Circuit Court of Appeals held that the ALJ's weighing of the two medical opinions was in error. With regard to ARNP Hitosis's opinion, the panel stated that the "ALJ improperly discounted the nurse practitioner's evaluation solely on the ground that it was rendered outside Herron's disability period." Herron, 407 Fed. Appx. at 141 (citing Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988). Smith holds "that medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." 849 F2d at 1225. With regard to Dr. Carlos's opinion, the panel stated that giving weight to Dr. Carlos's opinion was misguided because "the consultant did not review a substantial portion of the relevant medical evidence[.]" Herron, 407 Fed. Appx. at 141.

The Commissioner argues that despite the ALJ's error in giving greater weight to Dr. Carlos's medical opinion, the ALJ's determination had a reasonable basis in law and fact. The Ninth Circuit Court of Appeals holds that, "[a]cceptable medical sources specifically include licenced physicians and licenced psychologists, but not nurse practitioners." Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996). Pursuant to 20 C.F.R. § 404.1513(d)(1), nurse practitioners are not considered "acceptable medical sources" for the purposes of medical

21

impairments. Agency physician consultants like Dr. Carlos, however, are "experts in the evaluation of the medical issues in disability claims under the Act." Soc. Sec. Ruling 96-6p, 41 Fed. Reg. 128, 34466-68 (July 2, 1996); see also Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989) ("[W]e defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the Act or regulations."). By deciding to give greater weight to Dr. Carlos's opinion, the ALJ's decision had a reasonable basis in law.

The ALJ's decision also had a reasonable basis in fact. ARNP Hitosis began treatment of the Plaintiff in June 2005, after the Plaintiff had already been denied disability benefits. ARNP Hitosis's opinion stated that the Plaintiff had been suffering from his condition, *i.e.*, incapable of sitting for longer than two hours and walking for longer than ten minutes, since 1983. (AR at 292.) According to the Plaintiff, however, the Plaintiff had been gainfully employed at various times as a consultant, occupational-safety and health inspector, general manager, and maintenance supervisor between 1986 and 2000. The ALJ chose to give "limited weight" to ARNP Hitosis's opinion because the opinion did not comport with the Plaintiff's own testimony and ARNP had not been the Plaintiff's treating physician during the relevant period.

Although the ALJ's weighing of the medical opinions was in

error, the ALJ's decision had a reasonable basis in law and fact.
According to the EAJA, the Commissioner's support of the ALJ's
weighing of the medical evidence was substantially justified.
The Plaintiff, therefore, is not entitled to attorneys' fees on
this issue.

### (2) The ALJ's Consideration of the Veterans Administration's Disability Rating Was Substantially Justified

On December 1, 2004, after the Plaintiff was no longer
eligible for disability benefits from the SSA, the Veterans
Administration ("VA") determined that the Plaintiff was seventy
percent disabled as of January 12, 1998. (AR at 101, 105-08.)
The ALJ, in consideration of the VA's ratings determination,
stated:

> [T]he Rating Decision awarding benefits effective
> January 12, 1998 is afforded great weight. However,
> this Rating Decision and the subsequent decisions do
> not support a determination of total disability on or
> before the date the claimant's insured status expired.
> There is little, if any, medical documentation covering
> the period from April 1, 2000, the date the claimant's
> alleged disability began, through December 31, 2003,
> the date his insured status expired.

(AR at 17.) Although the ALJ gave "great weight" to the VA's
disability determination, the ALJ ultimately concluded that the
VA's disability rating by itself did not establish that the
Plaintiff was unable to work prior to December 31, 2003. (Id.)

In the remand order, the Ninth Circuit Court of Appeals
rejected the ALJ's conclusion. The panel held that the ALJ

"failed to give any valid or persuasive reasons for discounting the VA disability ratings determination." Herron, 407 Fed. Appx. at 141 (citing McCartey v. Massanari, 239 F.3d 1072, 1076 (9th Cir. 2002).

In general, the SSA gives great weight to VA disability rating determinations. Massanari, 239 F.3d at 1076. Both programs evaluate a claimant's ability to perform full-time work in the national economy, focus on functional limitations, and require claimants to present extensive medical documentation. Id. The VA and SAA, however, are different agencies and the disability determinations of one agency do not bind the other. 20 C.F.R. § 404.1504 ("[A] determination made by another agency that you are disabled . . . is not binding[.]"). For this reason, the Ninth Circuit Court of Appeals has held that "the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." Massanari, 298 F.3d at 1076.

Here, the ALJ had a reasonable explanation for concluding that the VA's disability rating did not establish total disability. The VA stated that the Plaintiff was seventy percent disabled as of January 12, 1998. (AR at 101.) The Plaintiff, however, was employed as a disaster site consultant between 1999 and 2000, which required him to walk around disaster sites. (AR at 69, 298.) The Plaintiff was gainfully employed during the

period in which the VA concluded the Plaintiff was seventy-percent disabled.  This fact supports the ALJ's conclusion that the Plaintiff could perform past work despite the VA rating.  Moreover, there was no medical documentation during the period the Plaintiff alleged he became disabled and the date his insured status expired.

While the ALJ's consideration of the VA disability rating was insufficiently articulated for the reasons expressed in the Ninth Circuit Court of Appeal's remand order, the ALJ's position had a basis in law and fact.  The Commissioner's support of the ALJ's consideration of the VA disability rating was, therefore, substantially justified.  Pursuant to EAJA, the Plaintiff is not entitled to attorneys' fees on this issue.

**CONCLUSION**

Although the Ninth Circuit Court of Appeals concluded that the ALJ's disability determination was not supported with substantial evidence, a review of the record indicates that the ALJ's decision had a basis in law and fact.  The ALJ's decision, and the Commissioner's support thereof, was substantially justified.  Pursuant to the EAJA, the Plaintiff is not entitled to attorneys' fees.

(1) PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATIONS OF THE U.S. MAGISTRATE JUDGE REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO

JUSTICE ACT" (Doc. 66), filed March 21, 2012, are **DENIED**.

(2) The Magistrate Judge's FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (Doc. 65), filed February 29, 2012, are **ADOPTED**.


IT IS SO ORDERED

DATED:  May 31, 2012, Honolulu, Hawaii.



                                        /S/ Helen Gillmor
                            _____
                            Helen Gillmor
                            United States District Judge




Herron v. Astue, Civ. No. 07-00623 HG-BMK; **ORDER DENYING PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (DOC. 66) AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (DOC. 65)**