IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES Y. HERRON, ) | CV. NO. 07-00623 HG-BMK |
| ) | |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION THAT |
| vs. ) | PLAINTIFF'S MOTION FOR |
| ) | ATTORNEYS' FEES BE |
| MICHAEL J. ASTRUE, ) | GRANTED IN PART |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES BE GRANTED IN PART

Before the Court is Plaintiff James Y. Herron's Motion for Attorney's Fees. (Doc. # 77.) After careful consideration of the motion, the supporting memorandum, and the attached documentation, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Attorney's Fees be GRANTED IN PART.[1] Specifically, the Court awards Plaintiff $27,324 in fees, which is twenty-five percent of the past due benefits awarded to Plaintiff.

BACKGROUND

The relevant procedural history of this case is summarized in the

---

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

Court's Order Denying Plaintiff's Objections to the Findings and Recommendation of the U.S. Magistrate Judge Regarding Plaintiff's Application for Attorneys' Fees under the Equal Access to Justice Act.  (Doc. # 76.)  Briefly stated, Plaintiff filed an application for Social Security Disability Insurance Benefits, which was denied by the Social Security Commissioner.  (Id. at 2-3.)  On December 27, 2007, Plaintiff sought judicial review of the Commissioner of Social Security's final decision to deny him Social Security Disability Benefits.  (Id. at 3.)  The Court denied Plaintiff's motion for summary adjudication, and Plaintiff appealed to the Ninth Circuit Court of Appeals.  (Id.)  The Ninth Circuit reversed this Court's order denying Plaintiff's motion for summary adjudication and instructed this Court to remand the case to the Commissioner of Social Security.  (Id. at 3-4.)  Plaintiff prevailed on remand, and was awarded $109,296 in past due benefits.  (Doc. # 77, Ex. A.)

       Plaintiff then filed a Motion for Attorneys' Fees under the Equal Access to Justice Act.  (Doc. # 54.)  This Court issued its Findings and Recommendation to deny that motion (Doc. # 65), and those findings and recommendations were adopted by the Court on May 31, 2012.  (Doc. # 76.)

       Plaintiff then filed the instant motion for attorneys' fees under 42 U.S.C. § 406(b)(1).  (Doc. # 77.)  Defendant filed a Notice of Non-Opposition to

Plaintiff's Request for Attorney Fees, acknowledging that a fee request of twenty-five percent of past-due benefits is reasonable, but noting that Plaintiff sought $70 more than the twenty-five percent cap. (Doc. # 80.) As discussed below, the Court FINDS and RECOMMENDS that the motion be GRANTED IN PART and that Plaintiff be awarded $27,324 in attorneys' fees.[2]

DISCUSSION

Plaintiff has requested $27,394 in attorneys' fees. 42 U.S.C. § 406(b)(1)(A) provides that:

> <u>Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment</u>, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Section 406(b) "calls for court review of [contingent fee]

---

[2] Defendant's notice of non-opposition states that Plaintiff's counsel may have received payment of $6,000 in connection with a request for fees before the administrative agency under 42 U.S.C. § 406(a). (Doc. # 80 at 2.) The Court does not offset the current fee award by that amount, because the Ninth Circuit has held that § 406(b)'s twenty-five percent cap does not limit the total amount of fees awarded under § 406(a) and § 406(b). <u>Clark v. Astrue</u>, 529 F.3d 1211, 1215 (9th Cir. 2008).

arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). As indicated by Section 406(b), an agreement allowing more than twenty-five percent of the past due benefits is not permissible. Id. The attorney for the successful party must demonstrate the reasonableness of the fee request, and "[f]actors to be considered in determining reasonableness include the attorney's risk of loss, the character and result of representation, whether delays are attributable to the attorney, and the attorney's hours spent representing the client coupled with the attorney's normal hourly billing rate in the context of non-contingent cases." Dulatre v. Astrue, Civ. No. 03-00653 DAE-KSC, 2010 WL 26537, at *2 (D. Haw. Jan. 6, 2010) (citing Gisbrecht, 535 U.S. at 805, 808).

The Court FINDS and RECOMMENDS that Plaintiff's Motion for Attorneys' Fees be GRANTED IN PART. The Court may award fees under § 406(b) because Plaintiff was awarded past due benefits as a result of the remand proceedings. See Dulatre, 2010 WL 26537, at *2.

After evaluating the relevant factors, the Court concludes that an award of $27,324 is reasonable, but that Plaintiff's request of $27,394 is not reasonable because it exceeds the twenty-five percent cap in Section 406(b).

The contingent fee arrangement appears reasonable on its face

4

because it complies with the twenty-five percent cap established in § 406(b)(1)(A). (Doc. # 79, Ex. D.)

Fees of $27,324 are reasonable because the administrative decision resulted in an award of $109,296 in past due benefits, and the requested fees do not exceed twenty five percent of the past due benefits. In social security cases, plaintiffs prevail only about thirty-five percent of the time. Dulatre, 2010 WL 26537, at *3. Plaintiff counsel assumed some risk of loss from taking the case on contingency basis, which helps justify the fee request.

It also appears that Plaintiff counsel provided effective and efficient representation based on the award of past due benefits on remand. The Court sees no reason to reduce the requested fee for inadequate representation.

Delays caused by counsel can warrant a reduction in fees so that "the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Gisbrecht, 535 U.S. at 808. There is no evidence in the record of undue delay.

Finally, Courts evaluate the hours the attorney expended and the attorney's normal billing rate in non-contingent fee cases. Id. Plaintiff counsel and staff expended 119.31 hours representing Plaintiff. (Doc. # 77 at 2.) An award of $27,324 in attorneys' fees results in a collective hourly rate of

approximately $229. After reviewing Plaintiff counsels' qualifications and the number of hours spent on the litigation, the Court concludes that $27,324 in attorneys' fees is reasonable.

CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Attorneys' Fees be GRANTED IN PART, and that Plaintiff's counsel be awarded $27,324 in attorneys' fees.

DATED: Honolulu, Hawaii, August 31, 2012.

IT IS SO FOUND AND RECOMMENDED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Herron v. Astrue; Civ. No. 07-00623 HG-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES BE GRANTED IN PART